## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

FOND DU LAC BAND OF LAKE
SUPERIOR CHIPPEWA,

           Plaintiff,

   v.

CONSTANCE CUMMINS, et al.;

        Defendants,

   and

POLYMET MINING, INC.,

        Intervenor-Defendant.

Case No. 22-cv-00170 (PJS/LIB)

**FOND DU LAC BAND OF LAKE SUPERIOR CHIPPEWA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO JOIN NORTHSHORE MINING CO. AS A RULE 19 DEFENDANT**

Plaintiff Fond du Lac Band of Lake Superior Chippewa ("Band") respectfully submits this Memorandum in Support of Its Motion to Join Northshore Mining Company ("Northshore") as a Rule 19 Defendant.

## BACKGROUND

The Band brought this action to have this Court vacate and set aside a land exchange between the U.S. Forest Service ("Forest Service") and PolyMet Mining, Inc. ("PolyMet") involving 6,650 acres of land within the Superior National Forest, based on violations of the Weeks Act, the 1854 Treaty of LaPointe, the National Environmental Policy Act, the Federal Land Policy and Management Act, and the Administrative Procedure Act. *See* Dkt. 1 ¶¶ 103-59. The Forest Service approved the land exchange on January 9, 2017. *Id.* ¶

1. As a result of the land exchange, the Forest Service transferred title to the 6,650 acres of land to PolyMet so that PolyMet could construct and operate the NorthMet Mine Project on the Federal Land.[1]  *See id.* ¶ 51.

After the Band filed this action, PolyMet disclosed that it conveyed 759 acres of the 6,650 acres obtained through the land exchange to Northshore Mining Company ("Northshore").  In particular, PolyMet filed a motion to dismiss the Band's complaint on May 16, 2022.  Dkt. 34.  PolyMet's motion raised the equitable defense of laches in an attempt to bar the Band's claims to undo the land exchange.  In support of its motion, PolyMet disclosed—for the first time—that PolyMet conveyed 759 acres of the land to Northshore in April 2020.  Dkt. 36 at 16; Dkt. 37 ¶ 6 (Pylka Decl.).  This was the first time the Band learned of any transfer to Northshore.  *See* Dkt. 42 at 39.

In response to PolyMet's laches defense, the Band asserted that it needed to take discovery on several matters raised by PolyMet, including the circumstances regarding PolyMet's conveyance to Northshore.  *Id.* at 46.  The Court denied PolyMet's motion to dismiss on February 24, 2023, but noted that PolyMet's laches arguments were dismissed without prejudice.  Dkt. 48 at 2

---

[1] The Band continues to refer to the land transferred from the Forest Service to PolyMet as the "Federal Land," and the lands transferred from PolyMet to the Forest Service as the "Non-Federal Lands."  That was the status of the lands at times relevant to the Forest Service's decision, which is being reviewed in this case.

n.1.  PolyMet has continued to assert that "equitable considerations bar any relief that would attempt to undo the land exchange."  Dkt. 53 at 2.

Accordingly, the Band has been engaged in discovery with PolyMet into the circumstances surrounding PolyMet's conveyance to Northshore.  *See* Dkt. 56 at 3.  The Band has found through that discovery that PolyMet did indeed transfer 759 acres to Northshore pursuant to a 2018 agreement.  Decl. of Vanessa Ray-Hodge ¶ 4, Ex. A.  That transfer was recorded in 2020.  *Id.* ¶ 5, Ex. B.  It has also been discovered that PolyMet apparently granted an easement to Northshore on parts of the Federal Land.  *Id.*, Ex. A at PMet 258. The Band has discovered that the origins of the agreement trace back several years, though the circumstances surrounding PolyMet and Northshore's arrangement are still unclear and are the subject of ongoing discovery.  The Band now seeks to join Northshore as a party defendant in this action.

## ARGUMENT

The Band seeks to have this Court vacate and set aside the land exchange because it violated federal law.  Since filing this action, the Band has discovered that Northshore acquired an interest in 759 acres of the Federal Land at issue in this case after the land exchange was completed.  Therefore, as discussed below, pursuant to Federal Rule of Civil Procedure 19, Northshore should be joined as a defendant because it is a necessary party to afford the Band the relief it seeks.

## I.     Northshore Is a Necessary Party that Must Be Joined Under Rule 19(a).

Rule 19(a)(1) requires the joinder of a party who must take part in the litigation because the Court cannot accord complete relief among existing parties or the absent party has an interest in the subject of the action.  *See, e.g.*, *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118–23 (1968).  More specifically, under Federal Rule of Civil Procedure 19, a person must be joined as a party if

> (A)   in that person's absence, the court cannot accord complete relief among existing parties; or
> (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i)    as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  "Determining whether an entity is a required party under Rule 19(a)(1) calls for practical judgments influenced greatly by the facts and circumstances of each particular case."  *Pitman Farms v. Kuehl Poultry LLC*, No. 19-cv-3040 (ECT/BRT), 2020 WL 2490048, at *3 (D. Minn. May 14, 2020).

Northshore is a necessary party because the Court cannot accord complete relief among existing parties in Northshore's absence.  Fed. R. Civ. P. 19(a)(1)(A).  If the Band succeeds on its claims to set aside the land

exchange, in fashioning a remedy the Court may not be able to order the return of all 6,650 acres of the Federal Land to the Forest Service because Northshore, which apparently owns 759 acres of the Federal Land, is not before the Court and would not be bound by any decision invalidating the land exchange. The Eighth Circuit has held that a third-party that acquires an interest related to a piece of property is a necessary party when plaintiffs seek to invalidate an earlier conveyance of that property. *Allright Mo., Inc. v. Billeter*, 829 F.2d 631, 643 (8th Cir. 1987). As in *Allright*, Northshore is a necessary party so that "complete relief can be granted." *Id.*

Further, Northshore is also a necessary party for purposes of the relief sought by the Band because Northshore has an interest in this action and is so situated that a disposition here may impair Northshore's ability to protect its interest at the remedial stage. Fed. R. Civ. P. 19(a)(1)(B); *see Allright*, 829 F.2d at 643 (finding a transferee of the original mortgagee of property was a necessary party so that it "would have an opportunity to protect its interests"). This Court has held that a "typical example" of a necessary party under Rule 19(a)(1)(B) is a property owner that is not named in "a suit over title to the property." *Pitman Farms*, 2020 WL 2490048, at *3 (citations omitted). Northshore should similarly be made a party to this action so that it has an opportunity to protect its interest in the 759 acres of land it acquired from PolyMet with respect to the remedy issued by this Court if the Band's claims

5

are successful.  *See, e.g., E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318, 322 n.1 (8th Cir. 1986) (noting that, despite a finding of non-liability on the part of a labor union, the union was nevertheless "designated as a defendant . . . pursuant to Fed. R. Civ. P. 19" and "was required to" remain in the litigation so as to "participate in a subsequent hearing on relief").

Northshore's absence would also leave PolyMet at substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  Fed. R. Civ. P. 19(a)(1)(B)(ii).  If PolyMet is ordered to return the Federal Land after the Band succeeds on its claims, PolyMet would be at risk of incurring inconsistent obligations with respect to a claim made by Northshore against PolyMet regarding the conveyance.

Finally, there is no practical reason Northshore cannot be served as a corporation registered with the State of Minnesota[2] and an owner of physical property in Minnesota,[3] nor would Northshore's joinder deprive the Court of

---

[2] *See* Northshore Mining Company, Foreign Registration with Minnesota Secretary of State, No. 48383 (originally filed May 15, 1989), *available at* https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=2a67eb58-acd4-e011-a886-001ec94ffe7f.

[3] Under Minn. Stat. § 543.19, subdivs. 1(1) and (2), registering as a foreign corporation subjects that corporation to personal jurisdiction in the state if it owns or possesses real property within the state or conducts business in the state. *See also* Minn. Stat. § 303.13 (service of process for foreign corporations). The U.S. Supreme Court recently upheld a similar law in Pennsylvania that subjects registered foreign corporations to personal jurisdiction.  *Mallory v. Norfolk S. Ry.*, 600 U.S. ___, 143 S. Ct. 2028 (2023).

subject matter jurisdiction in this case because this Court's jurisdiction is premised on federal question jurisdiction under the Administrative Procedure Act, Dkt. 1 ¶ 6 (citing 28 U.S.C. §§ 1331, 1362, 2201, 2202; 5 U.S.C. §§ 701-06). Northshore is thus a necessary party to this litigation and should be joined pursuant to Federal Rule of Civil Procedure 19(a).

## CONCLUSION

For these reasons, the Band respectfully requests this Court issue an order joining Northshore Mining Company as a Rule 19 defendant.


Respectfully submitted this 26th day of September, 2023.

/s/ Sean W. Copeland
Sean W. Copeland, (MN #387142)
Tribal Attorney
Fond du Lac Band of Lake
  Superior Chippewa
1720 Big Lake Road
Cloquet, Minnesota 55720
(218) 878-2632
seancopeland@fdlrez.com

Vanessa L. Ray-Hodge
Pro Hac Vice
Sonosky, Chambers, Sachse,
  Mielke & Brownell, LLP
500 Marquette Avenue NW, Suite 660
Albuquerque, NM 87102
(505) 247-0147
vrayhodge@abqsonosky.com

Matthew L. Murdock
Pro Hac Vice

Sonosky, Chambers, Sachse,
    Endreson & Perry, LLP
1425 K Street NW, Suite 600
Washington, DC 20005
(202) 682-0240
mmurdock@sonosky.com

*Attorneys for Plaintiff Fond du Lac Band*
*    of Lake Superior Chippewa*

## CERTIFICATE OF COMPLIANCE

I, Vanessa Ray-Hodge, certify that the Fond du Lac Band of Lake Superior Chippewa's memorandum in support of its motion to join Northshore Mining Company as a Rule 19 defendant complies with Local Rules 7.1(f) and 7.1(h).

I further certify that, in preparation of this memorandum, I used Microsoft Word for Microsoft 365, version 2308, and that in relying on the word-count function of that software, the function was applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the memorandum contains 1,598 words.


Dated: September 26, 2023.

                                   */s/ Vanessa Ray-Hodge*
                                   Vanessa L. Ray-Hodge