UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FOND DU LAC BAND OF LAKE SUPERIOR CHIPPEWA, | Case No. 22-CV-0170 (PJS/LIB) |
| Plaintiff, | |
| v. | |
| CONSTANCE CUMMINS, Supervisor of the Superior National Forest; RANDY MOORE, Chief of the U.S. Forest Service; UNITED STATES FOREST SERVICE; THOMAS VILSACK, Secretary of Agriculture; UNITED STATES DEPARTMENT OF AGRICULTURE; POLY MET MINING, INC.; and NORTHSHORE MINING CO., | ORDER |
| Defendants. | |

---

Vanessa L. Ray-Hodge and Matthew L. Murdock, SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP; Sean W. Copeland, Tribal Attorney, FOND DU LAC BAND OF LAKE SUPERIOR CHIPPEWA, for plaintiff.

Allen E. Christy, Dwight G. Rabuse, Julie N. Nagorski, and Zachary P. Armstrong, DEWITT LLP, for defendant Northshore Mining Co. and non-parties Cleveland-Cliffs Inc. and Cliffs Mining Services Co.

Plaintiff Fond du Lac Band of Lake Superior Chippewa ("the Band") filed this action against the United States Forest Service ("Forest Service") and other federal agencies and agency officials, seeking review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., of a land exchange between the Forest Service and

intervenor-defendant Poly Met Mining, Inc. ("PolyMet").  The Band later joined

Northshore Mining Co. ("Northshore") as a defendant under Fed. R. Civ. P. 19.

This matter is before the Court on the objection of defendant Northshore and

non-parties Cleveland-Cliffs Inc. ("Cleveland-Cliffs") and Cliffs Mining Services Co.

("CMSC") to the October 28, 2024, discovery order of Magistrate Judge Leo I. Brisbois.

Among other things, Judge Brisbois ordered Northshore, Cleveland-Cliffs, and CMSC

(collectively "the Cliffs parties") to produce documents that the Cliffs parties claim are

protected by attorney-client privilege.  The Cliffs parties object to this aspect of the

order.

A magistrate judge's ruling on a nondispositive pretrial matter may be reversed

only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

P. 72(a).  Having reviewed Judge Brisbois's order, the parties' briefing, and the relevant

portions of the record, the Court cannot find that the order is clearly erroneous or

contrary to law.  The order is therefore affirmed.

The discovery at issue concerns documents relating to PolyMet's transfer to

Northshore of a portion of the land that PolyMet acquired from the Forest Service.  This

transfer, in turn, is relevant to PolyMet's and Northshore's laches defenses.

Understandably, the Band has sought discovery concerning this conveyance both from

Northshore and from non-parties Cleveland-Cliffs and CMSC.  Cleveland-Cliffs wholly

owns both Northshore and CMSC; CMSC provides support services to Cleveland-Cliffs'

operating subsidiaries, including Northshore.  Johnson Decl. [ECF No. 233] ¶¶ 2–3.

Judge Brisbois found that the Cliffs parties waived the privilege as to certain

communications because those communications included third parties—namely, each

other.  *See United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) ("Voluntary

disclosure of attorney client communications expressly waives the privilege.").  The

Cliffs parties contend that under either the joint-representation exception or the

common-interest exception, their shared communications remain privileged.  *See In re*

*Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) ("[T]he co-client (or joint-

client) privilege . . . applies when multiple clients hire the same counsel to represent

them on a matter of common interest[.]"); *In re Grand Jury Subpoena Duces Tecum*, 112

F.3d 910, 922 (8th Cir. 1997) ("If two or more clients with a common interest in a

litigated or non-litigated matter are represented by separate lawyers and they agree to

exchange information concerning the matter, a communication of any such client that

otherwise qualifies as privileged . . . that relates to the matter is privileged as against

third persons." (quoting Restatement (Third) of the Law Governing Lawyers (Proposed

Final Draft No. 1, 1996) (hereinafter "Draft Restatement")).

Judge Brisbois rejected the Cliffs parties' attempt to invoke these exceptions on

the ground that the privilege log and associated supporting documentation fail to

establish the factual predicates necessary for the exceptions to apply. In particular, Judge Brisbois found that the joint-representation exception is inapplicable because the Cliffs parties failed to establish that they were jointly represented. Judge Brisbois further found that neither exception applies because the Cliffs parties failed to establish that they shared a common legal interest. The Cliffs parties contend that both of these factual conclusions are contrary to the record and that Judge Brisbois erred in holding that their common interest must be legal.

### A.  Joint Representation

Judge Brisbois found that the joint-representation exception does not apply because the Cliffs parties failed to establish that they were jointly represented by the attorneys whose names appear on the privilege log. As Judge Brisbois noted, the declaration of Gabriel Johnson, which was submitted in support of the log, states that the attorneys on the log were engaged by "Northshore, CMSC, *or* Cleveland Cliffs." Johnson Decl. ¶ 4 [ECF No. 232-3] (emphasis added). On its face, the statement, with its disjunctive "or," does not claim that all three entities were represented by any or all of the attorneys on the log. Indeed, as Judge Brisbois found, this statement renders unclear which attorneys represented which entities. The Johnson declaration therefore fails to establish joint representation.

The Cliffs parties argue that Judge Brisbois's conclusion was clearly erroneous, pointing to other portions of the record that, they contend, establish joint representation. But even if other documents in the record unambiguously attested to joint representation, the Johnson declaration muddied the waters enough to preclude the Court from holding that Judge Brisbois clearly erred in finding that the Cliffs parties failed to meet their burden. *Cf. United States v. Ivers*, 967 F.3d 709, 715 (8th Cir. 2020) (the party seeking to assert attorney-client privilege bears the burden of showing that the privilege applies).

In any event, the other documents to which the Cliffs parties point do not, in fact, unambiguously attest to joint representation. A separate declaration states that the DeWitt firm *now* represents Northshore, Cleveland-Cliffs, and CMSC, Christy Decl. ¶ 3 [ECF No. 247], but does not expressly claim that DeWitt represented all three of those entities at the time of the communications on the log. Nor does the declaration say anything about Jones Day (the other outside counsel) or Cleveland-Cliffs' corporate counsel. *Id.* ¶¶ 3, 10.

The Cliffs parties also point to statements in a memorandum that their attorneys submitted to Judge Brisbois. *See* ECF No. 246. The memorandum is not evidence, however.[1] *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (noting that "[c]ounsel's

---

[1]The Cliffs parties take issue with Judge Brisbois's statement that their
(continued...)

unsupported assertions in respondent's brief" could not establish the relevant facts);
*United States v. Bailey*, 407 F. App'x 74, 75–76 (8th Cir. 2011) (government's assertion in a brief was insufficient to support a necessary factual finding); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence." (citing *Phinpathya*)).

It would have been a simple enough matter for an attorney to submit an affidavit that clearly stated that the attorney or the attorney's firm jointly represented Northshore, Cleveland-Cliffs, *and* CMSC at the time of the communications noted on the privilege log.  No attorney did so.  For these reasons, Judge Brisbois's conclusion that the Cliffs parties failed to establish joint representation—and that therefore the joint-representation exception does not apply—is neither clearly erroneous nor contrary to law.

---

[1](...continued)
memorandum failed to resolve the discrepancy in the Johnson declaration, noting that their memorandum states that both DeWitt and Jones Day represented "the Cliffs Parties," which is elsewhere defined to include Northshore, Cleveland-Cliffs, and CMSC.  *See* ECF No. 246 at 2, 16.  As noted, however, the memorandum is not evidence and, given the discrepancies in the *evidence*, Judge Brisbois did not clearly err in concluding that the Cliffs parties failed to meet their burden.

B.  *Common Interest*

The common-interest exception applies when "two or more clients with a common interest in a litigated or non-litigated matter are represented by separate lawyers and they agree to exchange information concerning the matter." *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d at 922 (quoting Draft Restatement).  Judge Brisbois held that this exception does not apply because Cleveland-Cliffs and CMSC failed to demonstrate that they shared a common legal interest—as opposed to a common business or commercial interest—with Northshore.

In challenging Judge Brisbois's ruling, the Cliffs parties first argue that, under Eighth Circuit case law, a common interest need not be legal.  It is true that the Eighth Circuit has said that "[t]he common interest may be 'either legal, factual, or strategic in character.'"  *Id.* (quoting Draft Restatement).  But even applying what the Eighth Circuit itself described as "this loose standard," the court found that the common-interest exception did not apply—i.e., that the relevant parties did not have a legal, a factual, *or* a strategic interest.  *Id.*  As a result, *In re Grand Jury Subpoena Duces Tecum* did not need to address whether a factual or strategic interest alone would be sufficient to invoke the exception.

Putting that aside, the Court does not believe that the Eighth Circuit's dicta should be read so broadly as to cover purely commercial interests.  *Cf. Williams v. BHI*

*Energy I Power Servs. LLC*, No. 21-CV-1186 (KMM/DTS), 2022 WL 17485550, at *4 (D. Minn. Dec. 7, 2022) ("although the Eighth Circuit described a broad rule in *In re Grand Jury Subpoena Duces Tecum*, it applied a narrow one"). Such a reading would massively expand the attorney-client privilege, which is meant to be "narrowly construed and 'protect[] only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege.'" *Ivers*, 967 F.3d at 716 (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). It does not apply when, for example, "an attorney acts in other capacities, such as . . . a business advisor." *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012). Extending the privilege to cover communications with a third party whose "common" interests are purely commercial is inconsistent with the narrow scope of the attorney-client privilege. *See Saar v. Kingdom Tr. Co.*, No. 4:19-CV-04158-KES, 2020 WL 2850163, at *4 (D.S.D. June 2, 2020) ("despite these more liberal interpretations, the privilege cannot 'serve to abrogate an essential element of the privilege: namely that it is legal advice not business advice which is being sought and which thereby becomes privilege protected'" (quoting Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine* 383 (6th ed. 2017)). This aspect of Judge Brisbois's order is not contrary to law.

Finally, the Cliffs parties argue that, even if a shared *legal* interest is required, they have met that standard. But the only specific legal interests to which they point are

Cleveland-Cliffs' interests in having its guaranty with the State of Minnesota extinguished or modified and being indemnified in certain circumstances as an affiliate of Northshore. ECF No. 267 at 4. These provisions were incorporated into what the parties call the "Framework Agreement." *See* ECF No. 92 §§ 1.2.17, 4.3(a), 6.1.2, 9.2.

As the Band points out, the treatment of the guaranty is not a *shared* legal interest, but rather an interest specific to Cleveland-Cliffs. Moreover, the Johnson declaration states that the attorneys on the log were engaged to provide advice about what the parties call the "Land Agreement" and the "Northshore Conveyance"; the declaration says nothing about the Framework Agreement (which was an agreement between PolyMet and Cliffs Erie L.L.C., a separate Cliffs entity whose communications are not at issue). Johnson Decl. ¶ 4 [ECF No. 232-3]; ECF No. 92. Judge Brisbois did not clearly err in finding that the Cliffs parties failed to show that the communications on the log concern a common legal interest.

For these reasons, the Cliffs parties' objection is overruled, and Judge Brisbois's order is affirmed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      The objection of defendant Northshore Mining Co. and non-parties

        Cleveland-Cliffs Inc. and Cliffs Mining Services Co. [ECF No. 267] is

        OVERRULED and the order [ECF No. 256] is AFFIRMED.

2.      The stay [ECF No. 269] is LIFTED.


Dated:  August 7, 2025                          /s/ Patrick J. Schiltz
                                                Patrick J. Schiltz, Chief Judge
                                                United States District Court