UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FOND DU LAC BAND OF LAKE SUPERIOR CHIPPEWA, | Case No. 22-CV-0170 (PJS/LIB) |
| Plaintiff, | |
| v. | |
| CONSTANCE CUMMINS, Supervisor of the Superior National Forest; RANDY MOORE, Chief of the U.S. Forest Service; UNITED STATES FOREST SERVICE; THOMAS VILSACK, Secretary of Agriculture; UNITED STATES DEPARTMENT OF AGRICULTURE; POLY MET MINING, INC.; and NORTHSHORE MINING CO., | ORDER |
| Defendants. | |

Plaintiff Fond du Lac Band of Lake Superior Chippewa ("the Band") filed this action against the United States Forest Service ("Forest Service") and other federal agencies and agency officials, seeking review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., of a land exchange between the Forest Service and intervenor-defendant Poly Met Mining, Inc. ("PolyMet"). The Band later joined Northshore Mining Co. ("Northshore") as a defendant under Fed. R. Civ. P. 19.

This matter is before the Court on the objection of Northshore to the October 22, 2025, order of Magistrate Judge Leo I. Brisbois denying Northshore's motion for leave to

take discovery.  A magistrate judge's ruling on a nondispositive pretrial matter may be reversed only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Given the extraordinarily contentious course of discovery in this case, granting Northshore's last-minute discovery request would almost certainly cause additional delay.  Northshore offers no credible reason why it did not seek discovery earlier.  Northshore cites the fact that, during the course of this case, the Court stayed two of Judge Brisbois's discovery orders.  Those stays did not prevent Northshore from taking discovery from the Band, however.  Instead, they merely relieved defendants (as well as non-parties Cleveland-Cliffs Inc. and Cliffs Mining Services Co.) from having to produce documents until the Court resolved their claims that the documents were privileged.  *See* ECF Nos. 193, 199, 256, 269.

Likewise, Northshore's assertion that it did not initially anticipate taking discovery because it believed that this action would be resolved on the existing administrative record is not credible.  By February 2024, when Northshore answered the Band's amended complaint and asserted its laches defense, the Band and PolyMet had been fighting over discovery relating to PolyMet's laches defense for months and the Court had already affirmed Judge Brisbois's order that the Band was entitled to discovery relevant to that defense.  *See* ECF Nos. 78–79, 135, 145.  In short, under the

circumstances, the Court agrees with Judge Brisbois that Northshore's discovery request appears to be a fishing expedition for the purposes of harassment and delay. ECF No. 300 at 7 n.3. The order is therefore affirmed.

Having reviewed the Fifth Amended Pretrial Scheduling order, however, the Court orders that the briefing schedule set forth in Section VI be vacated. Instead, the parties' dispositive motions must be filed, served, and heard by July 31, 2026. Before filing any motions or other associated documents, the parties must contact the undersigned's courtroom deputy to obtain a hearing date, after which the Court will issue a briefing schedule.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The objection of defendant Northshore Mining Co. [ECF No. 302] is OVERRULED.

2. The briefing schedule and deadlines for dispositive motions in Section VI of the Fifth Amended Pretrial Scheduling Order [ECF No. 286] are VACATED.

3. All dispositive motions must be filed, served, and heard by July 31, 2026. Before filing any motions or associated documents, the parties must

contact the undersigned's courtroom deputy to obtain a hearing date, after which the Court will issue a briefing schedule.

Dated:  December 23, 2025                          /s/ Patrick J. Schiltz
                                                                                        Patrick J. Schiltz, Chief Judge
                                                                                        United States District Court